```
 1  James B. Bear (Bar No. 43,816)
    Brenton R. Babcock (Bar No. 162,120)
 2  John W. Holcomb (Bar No. 172,121)
    J. David Evered (Bar No. 215,974)
 3  Philip M. Nelson (Bar No. 229,225)
    KNOBBE, MARTENS, OLSON & BEAR, LLP
 4  2040 Main Street, Fourteenth Floor
    Irvine, CA 92614
 5  Telephone: (949) 760-0404
    Facsimile: (949) 760-9502
 6
    Attorneys for Plaintiffs/Counterdefendants
 7  CIMCORE CORPORATION, ROMER, INC., HOMER EATON, and
    HEXAGON METROLOGY, AB
 8
              IN THE UNITED STATES DISTRICT COURT
 9         FOR THE SOUTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| CIMCORE CORPORATION, a California corporation, ROMER, INC., a California corporation, HOMER EATON, an individual, and HEXAGON METROLOGY, AB, a Swedish limited liability company,<br><br>   Plaintiffs,<br><br> v.<br><br>FARO TECHNOLOGIES, INC., a Florida corporation,<br><br>   Defendant.<br>_____<br>FARO TECHNOLOGIES, INC., a Florida corporation,<br><br>   Counterclaimant,<br><br> v.<br><br>CIMCORE CORPORATION, a California corporation, ROMER, INC., a California corporation, HOMER EATON, an individual, and HEXAGON METROLOGY, AB, a Swedish limited liability company,<br><br>   Counterdefendants. | Civil Action No.<br>03-CV-2355 B(WMc)<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF PLAINTIFFS' MOTION FOR JUDGMENT AS A MATTER OF LAW THAT THERE IS INSUFFICIENT EVIDENCE TO SUPPORT FARO'S DEFENSE OF NON-INFRINGEMENT**<br><br>Hon. Rudi M. Brewster<br><br>Date: February 12, 2007<br>Time: 10:00 am<br>Ctrm: 2 |

TABLE OF CONTENTS

Page #s

I. INTRODUCTION ............................................................ 1

II. THE LEGAL TEST UNDER RULE 60(B) ........................... 2

III. NEWLY DISCOVERED FACTS WARRANT RE-
CONSIDERATION OF ROMER'S MOTION FOR JUDGMENT
AS A MATTER OF LAW ..................................................... 3

IV. NEWLY DISCOVERED FACTS DEMONSTRATE THAT A
REASONABLE JURY WOULD HAVE ENTERED A VERDICT
OF INFRINGEMENT IN THIS CASE .................................. 4

V. THE JURY UNDERSTOOD THE COURT'S CLAIM
CONSTRUCTION ............................................................... 6

VI. JUDGMENT OF INFRINGEMENT AS A MATTER OF LAW
IS WARRANTED IN THIS CASE ........................................ 9

VII. CONCLUSION .................................................................. 11

## TABLE OF AUTHORITIES

**Page #s**

School Dist. No. 1J, Multnomah County v. Acands, Inc.,
    5 F.3d 1255 (9th Cir. 1993)............................. 2

## OTHER AUTHORITIES

Local Rule 7.1(i)...........................................1

Fed. R. Civ. P. 60......................................... 2

Plaintiffs CimCore Corporation, Romer, Inc., Homer Eaton, and Hexagon Metrology, AB (collectively "Romer") submit this Memorandum in support of Romer's Motion for Reconsideration of Romer's Motion for Judgment as a Matter of Law that there is insufficient evidence to support Faro's defense of non-infringement. Filed concurrently herewith pursuant to Local Rule 7.1(i) are the Declarations of Gail Cole (Cole Decl.), Robert Yeo (Yeo Decl.), Allen Simonovich (Simonovich Decl.), Doug Peterson (Peterson Decl.), Ray Wright (Wright Decl.), and Jared Reed (Reed Decl.). Also filed concurrently herewith is the Declaration of Philip M. Nelson (Nelson Decl.) and accompanying exhibits.

## I.  INTRODUCTION

After the close of Romer's case-in-chief, Defendant Faro Technologies, Inc., moved for judgment as a matter of law that Faro's accused products do not infringe the '148 patent on the grounds that Romer had failed to present a legally sufficient evidentiary basis for a reasonable jury to find in Romer's favor on the issue of infringement. Romer filed a memorandum in opposition to Faro's motion on November 15, 2006.

On November 28, 2006, Romer filed a Motion for Judgment as a Matter of Law that there was insufficient evidence to support Faro's defense of non-infringement in this action and requested that the Court enter judgment in favor of Romer that Faro had infringed the asserted claims of the patent-in-suit.

On December 4, 2006, the jury in the case indicated that they were unable to reach a unanimous verdict on the issue of

03-CV-2355 B (WMc)                    -1-            Pls.' Mem. of Law in Supp. of
                                                             their Motion for Reconsideration of
                                                             their Motion for JMOL re: Infringement

infringement.  On December 6, 2006, the Court heard the parties' cross-motions for JMOL and denied both motions.

On December 7, 2006, the Court declared a mistrial on the issues of infringement, willfulness, and damages.  The Court discharged the jurors and provided the parties with an opportunity to interview them.  Romer learned from the jurors that the jury had deadlocked on the issue of infringement only two or three hours after the commencement of deliberations, with eight jurors in favor of an infringement verdict and one juror, Christopher Sterger, against a verdict of infringement.

Since the original juror interviews, Romer has conducted follow-up interviews of a number of the jurors.  During this process, further salient facts have come to light concerning the jury deliberations, and Mr. Sterger's conduct and statements in particular.  On the basis of these newly discovered facts, Romer hereby moves the Court to reconsider its motion for judgment as a matter of law on the issue of infringement under Rule 60(b) Fed. R. Civ. P. and to enter judgment of infringement, on the basis that no reasonable jury could have failed to find against Faro on this issue.

## II. THE LEGAL TEST UNDER RULE 60(b)

The Ninth Circuit has established that a district court may modify or set aside a previous order under three circumstances: (i) the court is presented with newly discovered evidence; (ii) the court committed clear error or the decision was manifestly unjust; or (iii) there was an intervening change in controlling law.  See, e.g., School

03-CV-2355 B (WMc)                -2-              Pls.' Mem. of Law in Supp. of
                                                  their Motion for Reconsideration of
                                                  their Motion for JMOL re: Infringement

Dist. No. 1J, Multnomah County v. Acands, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). In this case the Court may set aside its denial of Romer's motion for JMOL on at least the first of these grounds.

### III. NEWLY DISCOVERED FACTS WARRANT RE-CONSIDERATION OF ROMER'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Romer's interviews with several of the jurors, conducted on and after December 7, 2006, have brought to light the following important facts:

1. After less than three hours on the first day of deliberations, eight of the nine jurors were in favor of an infringement verdict. Cole Decl. at ¶4; Yeo Decl. at ¶4; Simonovich Decl. at ¶3; Peterson Decl. at ¶4; Wright Decl. at ¶3; Reed Decl. at ¶3.

2. Christopher Sterger, the single juror in favor of a non infringement verdict, was not willing to listen to the views of his fellow jurors and failed to deliberate properly to attempt to reach a unanimous verdict. Cole Decl. at ¶5; Yeo Decl. at ¶6; Simonovich Decl. at ¶5; Wright Decl. at ¶4; see also Reed Decl. at ¶¶ 3-4.

3. Mr. Sterger failed to follow the instructions given to the jury by the Court, in particular jury instructions 1, 15, 17, 20, 21, and 42. See Cole Decl. at ¶¶ 6-8; Yeo Decl. at ¶¶ 7-10; Simonovich Decl. at ¶¶ 5-7; Peterson Decl. at ¶¶ 6; Wright Decl. at ¶¶5-7; Reed Decl. at ¶¶ 5-6; see also Nelson Decl., Exhibits 1-6.

4. Mr. Sterger was unwilling and failed to apply the Court's

construction of the terms of the asserted patent claims and expressly stated that he disagreed with the construction. In particular, Mr. Sterger imposed requirements for the patent claims beyond those of the Court's claim construction — asserting, for example, that parts could not be shared and that a "joint assembly" should be a separable unit capable of being held in the hand. Cole Decl. at ¶¶6-8; Yeo Decl. at ¶¶8-10; Simonovich Decl. at ¶6; Peterson Decl. at ¶6; Wright Decl. at ¶¶5-6; Reed Decl. at ¶¶4,6.

5.  Mr. Sterger was the originator of the three questions that were put to the Court during the jury's deliberations. Mr. Sterger disagreed with, and disregarded, the Court's answers to those questions. Cole Decl. at ¶7; Yeo Decl. at ¶¶8-9; Simonovich Decl. at ¶6; Peterson Decl. at ¶6; Wright Decl. at ¶5; Reed Decl. at ¶¶ 5-6.

These facts show that Mr. Sterger failed to diligently and properly perform his duties as a juror and that the result of the jury's deliberations in this case was not indicative of the findings of a reasonable jury.

### IV. NEWLY DISCOVERED FACTS DEMONSTRATE THAT A REASONABLE JURY WOULD HAVE ENTERED A VERDICT OF INFRINGEMENT IN THIS CASE

The newly discovered facts listed above are highly material to the Court's decision on Romer's Motion for JMOL regarding infringement. The facts show that but for Mr. Sterger's flagrant disregard both of the instructions given to

him by the Court and of the Court's claim construction, the jury in this case would have found unanimously for Romer – and against Faro — on the issue of infringement. Although these facts existed at the time of the hearing of the parties' JMOL motions, they were not known by or available to the parties or the Court because the jury had not at that time been discharged and the jurors were not available for questioning.

When it ruled on the parties' cross-motions for JMOL on infringement, neither the Court nor the parties were aware that Mr. Sterger had not deliberated in good faith and that the jury impasse was not the result of proper deliberation. Indeed, the Court specifically assumed that the jury had undertaken legitimate deliberation and could continue to do so, as reflected in part in the following exchange between the Court and the jury:

> THE COURT: I've just been handed a note from your jury foreperson on 1:13 p.m. I've read it to the attorneys. We've discussed it. Of course we're disappointed, and I'm sure you are. But here's what I want to ask you as a jury. Every one of you. Is there any one of you on this jury that thinks that there is a chance that you might find agreement on a verdict if you deliberated for a reasonable time further? Anybody think that way? Any of you?
> You think so?
>
> JUROR: I would give it a shot.
>
> THE COURT: I'm sorry?
>
> JUROR: I would give it a try.
>
> THE COURT: Okay. Well, I would -- if there's any hope in any -- if there's anything -- if there's any spark of hope, I'd like to explore it for a reasonable time. I know that all of you are as concerned to reach a verdict, but you have no legal obligation to reach a verdict if you can't do so in your own conscientious decision. But we all

appreciate your devotion to this case.
  Why don't you resume your deliberations for a reasonable time further.  Thank you very much.  You can --   we'll get out of your hair.  We'll get out of your jury room   and let you work in the whole room.
  Court is in recess.

Trial Transcript, Vol. XV, 1:9-2:7, December 4, 2006. After this exchange, the Court and the parties reasonably assumed that deliberations would continue in good faith, for a reasonable time. However, it was only a few minutes later that the jury sent another note and the Court called the parties back to the court room:

  THE COURT:  The record should reflect the jury is once again present, as counsel and the parties are.
    Good afternoon again.

  JURY PANEL:  Good afternoon.

  THE COURT:   I have received as of 2:20 this afternoon another note from the jury which I'll read for the record.  It says, quote:
    "Your Honor, after further discussions and deliberations, we unanimously agree that there is no possibility that we can reach a verdict on any additional questions in the special verdict form."
  Signed by nine signatures.  It looks like about everybody in the jury box signed this.  Okay.

Trial Transcript, Vol. XV, 2:18-3:3, December 4, 2006.

It was in this context that the Court decided to excuse the jury and hear oral argument on the parties' cross motions for JMOL on infringement.

V. **THE JURY UNDERSTOOD THE COURT'S CLAIM CONSTRUCTION**

Faro repeatedly argued to the Court during trial that the court's claim construction was defective and that the jury was

03-CV-2355 B (WMc)                     -6-            Pls.' Mem. of Law in Supp. of
                                                     their Motion for Reconsideration of
                                                     their Motion for JMOL re: Infringement

deadlocked as a result.[1] For example, counsel for Faro argued:

> Your Honor, I want to move for a mistrial because I think the ... Court's instruction on assembly was deficient, and that's why the jury can't come to a resolution on infringement. The Court should have applied the Federal Circuit's definition of an assembly to the jury. I just want to preserve that for the record, please.
>
> * * *
>
> And the second issue I have with the claim construction is the term "transfer member" as presently defined is just something with a known length that's rigid with one end and another end, and the problem with that instruction is it's so vague it could be any component on any machine, and so there's no definiteness to this claim construction.
>
> And so I just wanted to put forth for the record that your Honor should have instructed the jury that an assembly is a unit, a functioning unit, because that is the common English everyday language, and there's nothing in the 148 patent that indicates the patentee was his own lexicographer, and if you review the patent, the only place the word "assembly" appears is in the claims, and there's no indication that that word was given anything other than its ordinary meaning, and the Court's definition is not a common definition for the term "assembly."

See Trial Transcript, Vol. XIV, 17:7-13; 19:6-22, December 1, 2006.

Faro's assertions about the source of the jury's confusion are flatly contradicted by the jurors' own statements. The jurors did in fact understand the court's claim construction and found it clear and helpful in their

---

[1] These arguments are repeated by Faro in Faro's recently filed Motion for a New Trial on the issue of Invalidity.

deliberations:

> I had no trouble following the Court's instructions or understanding and applying the Court's claim construction in reaching my decisions concerning the issue of infringement.

Cole Decl. at ¶8.

> I understood the court's claim construction and did not have any trouble following it. Specifically, the reason for the deadlocked jury was Mr. Sterger's refusal to deliberate and to be guided by any of the following: the court's instructions; the court's claim construction; or the court's answers to the questions that were posed at Mr. Sterger's request.

Yeo Decl. at ¶10.

> The court's claim construction and instructions were clear to me and it seemed to be a straightforward exercise to follow and apply them. The definitions were there in black and white and we did not want to read anything into them that wasn't there, but just apply the exact wording. It was not complicated for me to apply the court's descriptions and to see the relationships between the parts.

Peterson Decl. at ¶5.

> The court defined certain things that were absolutely clear, like "assembly," "component," and "joint assembly." I had a clear understanding of what that language meant, and I believe the other jurors did. But apparently this did not work for Mr. Sterger, and he seemed to be doing his best to override the Court's claim construction.

Simonovich Decl. at ¶4.

> We had the court's instructions and definitions and that was what we were allowed to use. I understood that we were not allowed to say that is not what the law is or that is not what the instructions should say. These were our instructions, and the definitions from the court told us what the claim terms meant. I do not think that Mr. Sterger really used or relied on this and he was trying to use his own definitions rather than listening to the instructions or to the court's definitions.

Reed Decl. at ¶6.

> I did not have any problems with the court's claim

```
            construction which I understood and was able to
            apply.  Mr. Sterger wanted to apply his own
            definitions instead of the court's claim
            construction.  His biggest disagreements were with
            the definitions of shared parts and with the joint
            being a "part or parts."  One juror even suggested
            the possibility that Mr. Sterger was in contempt of
            the court by not following the court's instructions,
            and by not taking the court's definitions.
```

Wright Decl. at ¶6

### VI. JUDGMENT OF INFRINGEMENT AS A MATTER OF LAW IS WARRANTED IN THIS CASE

Judgment of infringement as a matter of law is warranted in this case because the disagreements between Romer's and Faro's experts did not relate to factual matters such as the operation of the device. In particular, each of the underlying factual matters upon which the jury could have assessed credibility was either undisputed or irrelevant to the proper infringement analysis. The fact that Faro's experts came to a different conclusion on infringement does not automatically preclude JMOL.[2] Indeed, the fact that differences related to legal conclusions of the experts indicates a need for the Court to resolve the legal dispute.

The underlying reasons for disagreement between experts were legal: 1) Faro's experts attempted to import additional limitations into the claims (ignoring the Court's construction

---

[2] If differing ultimate conclusions by experts was enough to preclude JMOL, JMOL would never be granted because there is no dispute in which the experts are in total agreement, even as to the proper legal conclusion. In this case, however, the experts do agree as to the structure and operation of the accused device.

03-CV-2355 B (WMc)                    -9-             Pls.' Mem. of Law in Supp. of
                                                    their Motion for Reconsideration of
                                                    their Motion for JMOL re: Infringement

by arguing that previously-rejected limitations were still required); and 2) Faro's experts presented legally irrelevant standards for evaluating infringement (e.g., without any reference to the patent specification, what joint grouping "makes most sense" from an abstract engineering perspective?).

Faro's experts attempted to import additional limitations into the claim term "joint assemblies" by opining that "separate rotation," joints "close together," and convenience for "outsourcing" were somehow required. At the same time, Faro's labeling perversely ignored the correlation between portions of the accused products and the claim requirements, affixing alternative labels that led to a pre-determined result of non-infringement. In contrast, Romer's infringement analysis demonstrated that the claims as construed read directly on the accused Faro products. Moreover and quite importantly, Romer's reading of the claims at trial was fully consistent with the way the very same claims read on to the preferred embodiment disclosed in the '148 patent. Faro did not produce evidence that contradicted Romer's analysis under the all-important teachings of the asserted patent.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

03-CV-2355 B (WMc)         -10-         Pls.' Mem. of Law in Supp. of
                                                their Motion for Reconsideration of
                                                their Motion for JMOL re: Infringement

## VII. CONCLUSION

For the foregoing reasons, Romer respectfully requests that the Court grant Romer's motion to reconsider its motion for judgment as a matter of law that there is insufficient evidence to support Faro's defense of non-infringement.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 22, 2006        By: /s/ Philip M. Nelson
                                    James B. Bear
                                    Brenton R. Babcock
                                    John W. Holcomb
                                    J. David Evered
                                    Philip M. Nelson

3199104:///df1
122006

PROOF OF SERVICE

I am a citizen of the United States of America, and I am employed in the offices of the law firm of Knobbe, Martens, Olson & Bear, LLP in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, Irvine, California 92614. On December 22, 2006 I served **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF PLAINTIFFS' MOTION FOR JUDGMENT AS A MATTER OF LAW THAT THERE IS INSUFFICIENT EVIDENCE TO SUPPORT FARO'S DEFENSE OF NON-INFRINGEMENT** on the parties or their counsel shown below, by:

**Via ECF:**

>     Richard A. Clegg
>     SELTZER CAPLAN McMAHON
>     750 B Street, Suite 2100
>     San Diego, CA 92101
>     Telephone (619) 685-3003
>     Facsimile (619) 685-3100
>
>     William J. Cass
>     Daniel E. Bruso
>     CANTOR COLBURN LLP
>     55 Griffin Road South
>     Bloomfield, CT 06002
>     Telephone (860)286-2929
>     Facsimile (860)286-0115

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 22, 2006, at Irvine, California.

/s/ Anokhi Destiche

3199104:///df1
122006

03-CV-2355 B (WMc)        -12-        Pls.' Mem. of Law in Supp. of
                                                   their Motion for Reconsideration of
                                                   their Motion for JMOL re: Infringement