UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CIMCORE CORPORATION, a California Corporation, ROMER INC., a California Corporation, HOMER EATON, an individual, and HEXAGON METROLOGY AB,**<br><br>**Plaintiff,**<br>**v.**<br><br>**FARO TECHNOLOGIES, INC., a Florida Corporation,**<br><br>**Defendant.** | Civil No: 03 CV 2355-B(WMC)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL** |

Defendant Faro Technologies, Inc. ("Defendant" and "Faro") moves the Court for a new trial on the issue of patent invalidity. For the reasons herein, the motion is **DENIED**.

## I. BACKGROUND

The litigation between Cimcore Corp., Romer Inc., Hexagon Metrology, and Homer Eaton (collectively "Plaintiffs" and "Romer") and Faro concerns claims 1, 2, and 3 of U.S. Patent No. 5,829,148 ("the '148 patent") directed to a coordinate measuring arm.

1

1  Beginning on October 30, 2006, the case was tried before a jury. Faro had the burden to
2  prove by clear and convincing evidence its affirmative defense of invalidity based on
3  obviousness and indefiniteness.  The jury began deliberations on November 29, 2006,
4  considering Plaintiffs' infringement case as well as Defendants' invalidity claims. On
5  December 1, 2006, the jury found unanimously that the claims 1, 2, and 3 of the '148 patent
6  were not invalid.  The jury was unable to reach a verdict on infringement. The Court
7  entered Judgment that the '148 patent was not invalid on December 7, 2006.  Faro now
8  moves for a new trial on invalidity.

**II    DISCUSSION**

    **A.    Standard of Law**

Federal Rule of Civil Procedure 59(a) provides for the grant of a new trial.  The grant of a new trial is "confided almost entirely to the exercise of discretion on the part of the trial court." Murphy v. City of Long Beach, 914 F.2d 183, 186 (9th Cir. 1990) (citing Allied Chemical Corporation v. Daiflon, Inc., 449 U.S. 33, 36 (1980); Hard v. Burlington N.R.R., 812 F.2d 482, 483 (9th Cir. 1987)).  A trial court may grant a new trial if the verdict is "contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial judge, a miscarriage of justice." Richardson v. Suzuki Motor Co. 868 F.2d 1226, 1245 (Fed. Cir. 1989).  In general, a court should grant a new trial only when the judge "is left with the definite and firm conviction that a mistake has been committed." Landes Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1372 (9th Cir. 1987).

    **B.    Analysis**

Faro moves for a new trial on three grounds: (1) new evidence, based on a recent office action in the reexamination proceedings of the '148 patent in the United States Patent and Trademark Office (USPTO); (2) the jury determined invalidity based on an erroneous claim construction; and (3) admission of alleged prejudicial evidence consisting of evidence related to the preferred embodiments of the '148 patent. The Court is unpersuaded

1  that a new trial is warranted on any of these grounds.

2   For new evidence to form the basis for a new trial, a party must demonstrate that
3  "(1) the evidence was discovered after trial, (2) the exercise of due diligence would not
4  have resulted in the evidence being discovered at an earlier stage and (3) the newly
5  discovered evidence is of such magnitude that production of it earlier would likely have
6  changed the outcome of the case." Defenders of Wildlife v. Bernal, 204 F.3d 920, 929 (9th
7  Cir. 2000).

8   Faro's "new evidence" is the discovery of U.S. Patent No. 4,990,839 ("the Schonlau
9  patent") by the USPTO cited in the December 7, 2006 office action in the reexamination of
10 the '148 patent.  While this evidence was brought to the attention of Faro after the trial, the
11 Court finds that it does not merit consideration as "new evidence."  The Schonlau patent
12 issued on February 5, 1991; it has been publicly available for over fifteen years.  Schonlau
13 is of public record, available on a searchable database maintained by the USPTO and
14 accessible on the internet.

15  Moreover, Faro has failed to explain why with due diligence it could not have
16 discovered this evidence prior to trial.  Although Faro asserts that neither party nor the
17 USPTO found this document before trial, Faro offers no evidence of the extent or nature of
18 its search efforts that would attest to due diligence on its part. Furthermore, it does not
19 appear that Schonlau was hidden or difficult to discover. Its title, abstract and claims all
20 contain key words that are intimately related to the subject matter of the instant litigation
21 and that may be employed in a search on the public USPTO database.  Thus, without a
22 more substantial showing of diligence, the evidence does not meet the threshold
23 requirements to warrant a new trial.

24  Faro's second basis for a new trial also is unpersuasive.  Faro argues error with
25 respect to the claim construction, in particular, the Court's construction of the terms
26 "transfer member" and "joint assembly."  With respect to transfer member, Faro argues that
27 the construction given to and used by the jury was too broad and lacking in structural detail

28

so that it could include too many parts of the articulated arm.  In regard to joint assembly, Faro argues that the Court's construction of this term confused the jury and was inconsistent with dictionary definitions of the word.  Faro also argues that the Court's construction is inconsistent with the USPTO's most recent office action in the reexamination of the '148 patent.

Faro's arguments here are simply yet another motion for reconsideration of the Court's claim construction, an issue which Faro has raised on multiple occasions with the Court, including during trial.  Faro has presented no relevant evidence here that is any different than the Court has previously considered.  As regards the recent office action in the '148 reexamination, this information is not ripe for consideration.  The office action is a first office action, not a final rejection by the USPTO. Even if it were a final rejection, until the patentee addresses the rejections with argument or claim amendments and the reexamined patent issues, the prosecution history is incomplete and estoppel has yet to be determined. Finally, Faro has not demonstrated why the jury's invalidity verdict would have been different if the terms "joint assembly" and/or "transfer member" had been construed differently.

Faro's third basis for a new trial contends that the Court improperly allowed introduction of evidence and testimony related to the preferred embodiment of the '148 patent.  In the instant case, the Court permitted demonstrative evidence of the preferred embodiment to assist the jury in understanding the technology of the patent and the visualization of particular claim terms.

"Although claims are not necessarily restricted in scope to what is shown in a preferred embodiment, neither are the specifics of the preferred embodiment irrelevant to the correct meaning of claim limitations." <u>Phonometrics, Inc. v. Northern Telecom Inc.</u>, 133 F.3d 1459, 1466 (Fed. Cir. 1998).  Moreover, in permitting the use of this evidence, the Court did not prejudice the jury towards the preferred embodiment.  The Court took specific steps to alert the jury to the limited purpose of this evidence.  The Court issued

several relevant jury instructions including instructions on how to analyze infringement and obviousness (Instruction Nos. 17, 25, 26), as well as a specific caution on the use of preferred embodiments (Instruction No. 20). The Court also cautioned the jury during the trial in relation to witness's testimony on the preferred embodiment. (See e.g., testimony of Dr. Dornfeld, Transcript Nov 21, 2006 at 101-105.)  Additionally, Faro had the opportunity to explore and challenge the testimony on the preferred embodiments, an opportunity Faro chose to pursue with some witnesses but not others. (See e.g., testimony of Dr. Hocken, Transcript Nov 21, 2006 at 225-232; testimony of Dr. Sidman, Transcript Nov 21, 2006 at 269-270.).  Finally, all of the testimony cited by Faro concerned the experts' opinions in the context of the infringement analysis; Faro has not shown how this evidence could have resulted in error with regard to the jury's determinations on the questions of invalidity.

### III.    CONCLUSION

Therefore, for the reasons herein, the Court finds that Faro has not offered any grounds that warrant a new trial.  Therefore, Faro's motion is **DENIED**.

**IT IS SO ORDERED**

DATED:  March 12, 2007

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. William McCurine Jr.
    United States Magistrate Judge

    All Counsel of Record