UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CIMCORE CORPORATION, a California Corporation, ROMER INC., a California Corporation, HOMER EATON, an individual, and HEXAGON METROLOGY AB,**<br><br>        **Plaintiff,**<br>**v.**<br><br>**FARO TECHNOLOGIES, INC., a Florida Corporation,**<br><br>        **Defendant.** | Civil No: 03 CV 2355-B(WMC)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF JUDGMENT AS A MATTER OF LAW** |

Cimcore Corp., Romer Inc., Hexagon Metrology, and Homer Eaton (collectively "Plaintiffs" and "Romer") move the Court for reconsideration of their motion for judgment as a matter of law that there is insufficient evidence to support Defendant Faro's defense of non-infringement. For the reasons herein, the motion is **DENIED**.

**I.    BACKGROUND**

On October 30, 2006, a nine person jury was sworn in for the trial in the instant

1  case. At the close of Plaintiffs' case-in-chief, Plaintiffs moved for judgment as a matter of
2  law (JMOL). On November 28, 2006, at the close of evidence, Plaintiffs again moved for
3  JMOL.

4  On December 4, 2006, the fourth day of deliberations, the jury indicated that they
5  were unable to reach a unanimous verdict on infringement. The jurors did reach a verdict
6  on invalidity, finding the patent valid. On December 6, 2006, the Court heard and denied
7  the parties' cross-motions for JMOL. On December 7, 2006, the Court declared a mistrial
8  on the issues of infringement, willfulness and damages. Following the trial, the Court
9  permitted the parties to speak with the jurors. Romer now moves the Court to reconsider its
10 denial of JMOL based on juror declarations which Romer contends attest to the failure of
11 one of the jurors to properly deliberate.

**II.    DISCUSSION**

    **A.    STANDARD OF LAW**

        **1.    Motion for Reconsideration**

15 A party may be relieved from a final judgment under Rule 60(b) for reasons of
16 mistake, newly discovered evidence, fraud, a void or satisfied judgment, or any other
17 reason which would justify the relief. Fed. R. Civ. P. 60(b) (West 2006). Under Rule
18 60(b)(2), relief is appropriate where the newly discovered evidence could not have been
19 discovered due diligence in time to move for a new trial under Rule 59(b).

        **2.    Judgement as a Matter of Law**

21 A motion for judgment as a matter of law must be denied and a jury verdict upheld if
22 the judgment is supported by substantial evidence. <u>Johnson v. Paradise Valley Unified</u>
23 <u>School District</u>, 251 F.3d 1222, 1227 (9th Cir. 2001). Substantial evidence is evidence
24 adequate to support the jury's conclusion, even if it is possible to draw a contrary
25 conclusion from the same evidence. The Court must review the record as a whole but
26 disregard all evidence favorable to the moving party that the jury is not required to believe.
27 All reasonable inferences must be drawn in the light most favorable to the nonmoving

party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986).

A jury's inability to reach a verdict does not necessarily preclude a judgment as a matter of law.  Headwaters Forest Defense v. County of Humboldt, 240 F.3d 1185, 1197 (9th Cir. 2000).  However, in considering a motion for judgment as a matter of law, the Court may not substitute its view of the evidence for the jury's, may not make credibility determinations, and may not weigh the evidence.  Johnson, 251 F.3d at 1227.  "The test is whether the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury."  White v. Ford Motor Co., 312 F.3d 998, 1010 (9th Cir. 2002).  "If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed."  Anderson, 477 U.S. at 250-51.

**B.   ANALYSIS**

Romer argues that the newly discovered evidence demonstrates that a reasonable jury would have rendered a verdict of infringement.  The crux of the argument, is that "but for" one juror's inability to follow the Court's instructions and deliberate, the jury would have been unanimously in favor for Romer.

The Federal Rules of Evidence do not generally permit inquiry into a jury's deliberations.  Fed. R. Evid. 606(b).  Allegations of a juror's misunderstandings on the Court's instructions, a juror's misunderstandings of the law or a juror's preconceived notions cannot be used to attack a verdict.  See e.g., United States v. Stacey, 475 F.2d 1119, 1121 (9th Cir.1973); United States v. Span, 75 F.3d 1383, 1390 n.8 (9th Cir.1996); United States v. Davis, 960 F.2d 820, 828 (9th Cir. 1992).

While a "hung" jury is not a verdict, there is no reason to presume that the policy behind Rule 606(b) should not apply to attacking jury deliberations here. Moreover, although there are exceptions to Rule 606(b), such as introduction of outside evidence, the Court finds that none of these exceptions apply here.  Simply because a juror may have applied his own personal knowledge and experience does not merit the conclusion that

outside evidence was introduced into the deliberations or that the jury did not properly deliberate. See Hard v. Burlington Northern R.R., 812 F.2d 482, 486 (9th Cir. 1987) ("Jurors must rely on their past personal experiences when hearing a trial and deliberating on a verdict.").[1]

Even compelling evidence that a juror absolutely and adamantly refused to deliberate - which is not asserted here unanimously by the jurors - would be unavailing to impeach the jury's verdict. See Tanner v. United States, 483 U.S. 107, 122-23 (1987). The Court is unable to find any Circuit authority permitting impeachment of a jury verdict based upon internal irregularity of juror conduct.

Furthermore, Plaintiffs' reasoning that simply because eight jurors found infringement does not compel the conclusion that no reasonable jury could have found non-infringement.

### III.  CONCLUSION

For the reasons herein, Romer has failed to provide any new evidence that merits reconsideration of this Court's earlier denial of Romer's motion for judgment as a matter of law. Therefore Romer's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**

DATED:  March 12, 2007

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. William McCurine Jr.
United States Magistrate Judge

All Counsel of Record

---

[1] Although Plaintiffs analogize to Hard v. Burlington Northern R.R. to argue that the juror declarations should be considered, the circumstances here are not those of Hard. See 812 F.2d 482, 485 (9th Cir.1987). Unlike the juror in Hard who had past experiences with one of the litigants in the suit and shared this knowledge with his fellow jurors during deliberations, here the juror's knowledge was general, it had no specificity as to Plaintiffs' or Defendant's practices or products.